IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **JUDGMENT OF ACQUITTAL AND** |
| vs. | ) | **MOTION FOR A NEW TRIAL** |
| | ) | |
| Daniel Edward Cvijanovich, | ) | Criminal No. 3:07-cr-55 |
| | ) | |
| Defendant. | ) | |

Before the Court are a Motion for Judgment of Acquittal and a Motion for a New Trial filed by Defendant (Docs. #78, #79). The United States has filed a brief in opposition (Doc. #80).

Defendant was charged in an Indictment with three counts of making Threats Against the President in violation of 18 U.S.C. § 871. Defendant was charged with communicating these threats to Kyle White in Count One, to Robby Aldrich in Count Two, and to Gary Zinck in Count Three. Defendant's jury trial on all three charges was held on October 15 through October 17, 2007. After deliberation, the jury returned a verdict of guilty as to Count One, and not guilty as to Counts Two and Three.

Defendant has timely filed two post-trial motions challenging his conviction on Count One, arguing that he should be granted either a judgment of acquittal or a new trial. In particular, Defendant challenges the sufficiency and credibility of the testimony of Kyle White, the primary witness who testified regarding the threats charged in Count One.

## I. MOTION FOR JUDGMENT OF ACQUITTAL

Rule 29(c), Fed. R. Crim. P., provides that if the jury has returned a guilty verdict, the district court may set aside that verdict and enter a judgment of acquittal upon defendant's post-trial motion.

1

A district court has very limited latitude in ruling upon a motion for judgment of acquittal. <u>United States v. Baker</u>, 367 F.3d 790, 797 (8th Cir. 2004) (citations omitted). A motion for judgment of acquittal should be granted only if there is no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. <u>United States v. Boesen</u>, 491 F.3d 852, 855 (8th Cir. 2007). The court should view the evidence in the light most favorable to the government, resolve evidentiary conflicts in the government's favor, and accept all reasonable inferences supporting the jury's verdict. <u>United States v. Scofield</u>, 433 F.3d 580, 585-86 (8th Cir. 2006) (citation omitted).

In ruling upon a motion for judgment of acquittal, the district court must determine only whether the government has presented evidence on each element of the charged offense to support a jury verdict. <u>Boesen</u>, 491 F.3d at 857. The district court is not to weigh the evidence or assess the credibility of witnesses. <u>Baker</u>, 367 F.3d at 797 (citations omitted). The Eighth Circuit has repeatedly stated that the credibility of witness testimony is for the jury to decide. <u>See, e.g.</u>, <u>United States v. Skinner</u>, 433 F.3d 613, 615-16 (8th Cir. 2006); <u>United States v. Martinez</u>, 958 F.3d 217, 218 (8th Cir. 1992).

Here, in his motion for judgment of acquittal, Defendant challenges the accuracy and credibility of Kyle White's testimony, contending that a reasonable jury could not rely on White's testimony to find the essential elements of Count One. Defendant points to White's criminal history, calling him a "convicted liar." Defendant also points to White's history of lying and stealing, including the theft of a long-distance calling card from Defendant while they were cellmates. Defendant further argues there was no evidence from which the jury could determine that he intended the threats he made to White to be taken seriously. Finally, Defendant claims that White

"eagerly" offered to provide incriminating statements about him to the authorities in exchange for a reduction in sentence.

After considering the evidence presented in support of Count One at trial, the Court concludes there is sufficient evidence that would allow a reasonable jury to find Defendant guilty of making threats against the President. Defendant's argument is not so much that the evidence is lacking, but that the evidence presented by the United States, particularly the testimony of Kyle White, lacked credibility. See Skinner, 433 F.3d at 615-16. However, the Court is not permitted to reweigh the evidence or reassess the credibility of witnesses on a motion for judgment of acquittal. The Court finds instructive the reasoning of the Eighth Circuit in United States v. Martinez, 958 F.3d 217, 218 (8th Cir. 1992):

> The jury was aware of [the witness's] cooperation with the government, of the potential for a reduction of his sentence in exchange for his assistance, and of his extensive criminal record. They were free to give whatever weight they chose to his testimony. It is the sole province of the jury to weigh the credibility of a witness.

In this case, the jury was aware of the same issues regarding White, and it was for the jury to determine his credibility.

As for the issue of Defendant's intent, the Court is convinced the jury was presented with sufficient evidence to find beyond a reasonable doubt that Defendant "said the words knowingly and willfully, that is, intending them to be taken seriously." See Final Jury Instruction No. 8. The jury was instructed that in determining a person's knowledge or intent at a particular time, "you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent." See Final Jury Instruction No. 4. Therefore, even if White did not immediately consider Defendant's threats to be serious, the jury could consider the other facts and circumstances in evidence to

determine whether Defendant made the threats charged in Count One knowingly and willfully, including White's testimony that he later came to believe the threats were serious.

After careful consideration of the evidence presented at trial, the Court concludes the United States presented sufficient evidence on each element of Count One to support a jury verdict of guilty. Defendant's Motion for Judgment of Acquittal is DENIED.

## II.  MOTION FOR A NEW TRIAL

Defendant has also filed a Motion for a New Trial, which sets forth substantially identical arguments regarding the accuracy and credibility of Kyle White's testimony.

Rule 33, Fed. R. Crim. P., provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  In ruling on a motion for a new trial, the district court need not view the evidence in the light most favorable to the verdict.  United States v. Pruett, 501 F.3d 976, 986 (8th Cir. 2007).  Rather, the district court may weigh the evidence and evaluate the credibility of witnesses.  Id.

The decision to grant or deny a motion for a new trial based upon the weight of the evidence is within the sound discretion of the district court.  United States v. Campos, 306 F.3d 577, 580 (8th Cir. 2002).  However, motions for a new trial based on the weight of the evidence are generally disfavored, and district courts must exercise their authority to grant a new trial "sparingly and with caution."  Id. (quoting United States v. Lincoln, 630 F.2d 1313, 1319 (8th Cir. 1980)).  Unless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand.  Id.

After considering the evidence presented at trial, the Court is not convinced that the interest of justice requires granting Defendant a new trial.  The United States and Defendant presented

evidence regarding the occurrence and seriousness of the charged threats.  Although some evidence may have weighed in favor of acquittal on Count One, there was also sufficient evidence to justify a conviction on Count One.  Defendant thoroughly cross-examined Kyle White at trial regarding the same credibility issues raised in his Motion for a New Trial, and the Court concludes White's testimony was sufficiently credible that no miscarriage of justice has occurred.  The jury's verdict of guilty on Count One must be allowed to stand.  Defendant's Motion for a New Trial is DENIED.

## DECISION

Defendant's Motion for Judgment of Acquittal is **DENIED**.  Defendant's Motion for a New Trial is **DENIED**.

**IT IS SO ORDERED.**

Dated this 7th day of December, 2007.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court