IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER DENYING** |
| vs. | ) | **MOTION FOR NEW TRIAL** |
| | ) | |
| Daniel Edward Cvijanovich, | ) | Criminal No. 3:07-cr-55 |
| | ) | |
| Defendant. | ) | |

Before the Court is a Motion for New Trial Based on Newly Discovered Evidence filed by Defendant Daniel Cvijanovich (Doc. #121).  The United States has filed a brief in opposition (Doc. #122).

On October 17, 2007, Cvijanovich was convicted by a jury on Count One of the Indictment, which charged him with making threats against the President in violation of 18 U.S.C. § 871.  The charge in Count One was based on statements Cvijanovich made to fellow inmate Kyle White while they were both incarcerated at Stutsman County Jail in Jamestown, North Dakota.  At trial, Cvijanovich aggressively challenged the credibility of White's testimony through cross-examination and closing arguments, and he has continued to attack White's credibility since his conviction, both in post-trial motions and on appeal.

Cvijanovich now contends that he should be granted a new trial based on a letter that Kyle White wrote to this Court several weeks after his conviction on Count One.  White filed a pro se letter motion seeking reduction of his sentence under Rule 35(b), Fed. R. Crim. P., and in that letter, White stated that he "didn't do any kind of drugs."  Cvijanovich claims this statement is a known lie and that White is a regular use of illegal drugs, pointing to White's prior conviction for

1

possession of a controlled substance and other statements White made in letters to Agent Kelly and the United States Attorney's office. Although Cvijanovich concedes that White's letter to the Court contains only impeachment evidence, he argues that it is material and that the interest of justice requires a new trial on Count One.

Rule 33(a), Fed. R. Crim. P., provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A motion for a new trial based on newly discovered evidence must be filed within 3 years of the guilty verdict. Fed. R. Crim. P. 33(b)(1). In order to prevail on a motion for a new trial based on newly discovered evidence, the defendant must show that: (1) the evidence was first discovered after trial; (2) the failure to discover the evidence before trial was not due to his lack of diligence; (3) the evidence is material; (4) the evidence is more than merely cumulative or impeaching; and (5) the evidence is likely to produce an acquittal if a new trial is granted. United States v. Swayze, 378 F.3d 834, 837 (8th Cir. 2004); United States v. Duke, 255 F.3d 656, 659 (8th Cir. 2001). Motions for a new trial based on newly discovered evidence are disfavored, and thus the standard for granting a new trial on that grounds is rigorous. United States v. Horn, 523 F.3d 882, 889 (8th Cir. 2008); United States v. Dogskin, 265 F.3d 682, 685 (8th Cir. 2001).

After carefully reviewing the record in this case, the Court concludes that White's letter does not justify a new trial on Count One. At most, the letter proves that White lied about whether he was a user of illegal drugs. However, the jury was already aware of the fact that White was likely a drug user, as he testified about his possession conviction and his letter offering to provide the United States Attorney with information about "all the big time drug dealers" on the Spirit Lake Reservation. Trial Tr., Vol. II, at 82. Thus, the only possible value of the new evidence is to show

possession of a controlled substance and other statements White made in letters to Agent Kelly and the United States Attorney's office. Although Cvijanovich concedes that White's letter to the Court contains only impeachment evidence, he argues that it is material and that the interest of justice requires a new trial on Count One.

Rule 33(a), Fed. R. Crim. P., provides, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." A motion for a new trial based on newly discovered evidence must be filed within 3 years of the guilty verdict. Fed. R. Crim. P. 33(b)(1). In order to prevail on a motion for a new trial based on newly discovered evidence, the defendant must show that: (1) the evidence was first discovered after trial; (2) the failure to discover the evidence before trial was not due to his lack of diligence; (3) the evidence is material; (4) the evidence is more than merely cumulative or impeaching; and (5) the evidence is likely to produce an acquittal if a new trial is granted. United States v. Swayze, 378 F.3d 834, 837 (8th Cir. 2004); United States v. Duke, 255 F.3d 656, 659 (8th Cir. 2001). Motions for a new trial based on newly discovered evidence are disfavored, and thus the standard for granting a new trial on that grounds is rigorous. United States v. Horn, 523 F.3d 882, 889 (8th Cir. 2008); United States v. Dogskin, 265 F.3d 682, 685 (8th Cir. 2001).

After carefully reviewing the record in this case, the Court concludes that White's letter does not justify a new trial on Count One. At most, the letter proves that White lied about whether he was a user of illegal drugs. However, the jury was already aware of the fact that White was likely a drug user, as he testified about his possession conviction and his letter offering to provide the United States Attorney with information about "all the big time drug dealers" on the Spirit Lake Reservation. Trial Tr., Vol. II, at 82. Thus, the only possible value of the new evidence is to show

that White told a lie, which is not only mere impeachment evidence, but it is also cumulative with much of the evidence presented about White at trial. Cvijanovich's counsel vigorously cross-examined White about his credibility, including the numerous letters he had written to Agent Kelly and the United States Attorney's office seeking a sentence reduction for substantial assistance, his prior conviction for providing false information to law enforcement, and his history of other deceptive acts, including lying and stealing while incarcerated. In closing arguments, Cvijanovich's counsel argued that White was the least credible of all the Government's witnesses, calling him a "convicted liar." Trial Tr., Vol. III, at 64.

Because the jury was already well aware of White's history of deceit and dishonesty, including lying to law enforcement, the Court finds that any new evidence that he lied about being a drug user is not material, nor is it likely to produce an acquittal if a new trial is granted. White's letter does not meet the rigorous standard for granting a new trial based on newly discovered evidence, and therefore Cvijanovich's Motion for a New Trial on Count One is **DENIED**.

**IT IS SO ORDERED.**

Dated this 28th day of May, 2009.

    /s/   Ralph R. Erickson
Ralph R. Erickson, District Judge
United States District Court